Name: HOANG TUONG NGUYEN

A Number: 072598011

Address: 425 GOLDEN STATE AVE

BAKERSFIELD, CA 93301

FILED

DEC 23 2024

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

PRO SE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Name: _____,

Petitioner,

v.

Warden of the _____
Detention Facility; Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; Director, United States Immigration and Customs Enforcement; Secretary, United States Department of Homeland Security; and United States Attorney General, Warden - ANDREWS

Respondents.

Case No. 1:24-cv-1579 EJG (HC)

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

RECEIVED

DEC 23 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
_____DEPUTY CLERK

Petitioner [name] HOANG TUONG NGUYEN petitions this Court for a writ of habeas corpus to remedy Petitioner's indefinite detention by Respondents.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction and may grant relief under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1651 (All Writs Act), and 28 U.S.C. § 1331 (federal question).

1. This Court also has jurisdiction to hear this case under the Suspension Clause of Article I of the United States Constitution. *INS v. St. Cyr*, 533 U.S. 289 (2001).

2. Because Petitioner challenges his or her custody, jurisdiction is proper in this Court. While the courts of appeals have jurisdiction to review removal orders through petitions for review, *see* 8 U.S.C. §§ 1252(a)(1) and (b), the federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions by noncitizens challenging the lawfulness of their detention. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006).

3. Petitioner has exhausted any and all administrative remedies to the extent required by law.

4. Venue is proper in the Eastern District of California because this is the district in which Petitioner is confined. *See Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024).

## PARTIES

5. Petitioner is a noncitizen who is currently detained by Immigration and Customs Enforcement (ICE) at the [name of detention facility] _Mesa Verde_ in [city, state] _Bakersfield, CA_.

6. Respondent Warden of the _ANDREWS_ [name of detention facility] Detention Facility is Petitioner's immediate custodian at the facility where Petitioner is detained. *See Doe*, 108 F.4th at 1194-97.

7. Respondent Field Office Director for the San Francisco Field Office of ICE ("SF FOD") has the authority to order Petitioner's release or continued detention. As such, Respondent SF FOD is a legal custodian of Petitioner.

8. Respondent Director of ICE ("ICE Director) is the head of ICE, an agency within the United States Department of Homeland Security that detains and removes certain noncitizens. Respondent ICE Director is a legal custodian of Petitioner.

9. Respondent Secretary of the United States Department of Homeland Security ("DHS Secretary") is responsible for the implementation and enforcement of the immigration

laws and oversees ICE. As such, Respondent DHS Secretary has ultimate custodial authority over Petitioner.

10. Respondent Attorney General of the United States ("U.S. A.G.") is the head of the United States Department of Justice, which oversees the immigration courts. Respondent U.S. A.G. shares responsibility for enforcement of the immigration laws with Respondent DHS Secretary.

11. All Respondents are sued in their official capacities.

## FACTUAL ALLEGATIONS

12. Petitioner [name] __HOANG THONG NGUYEN__ was born in [country] __VIETNAM__.

13. Petitioner entered the United States on or about [date] __11-04-1991__. Petitioner's immigration history is as follows: __Petitioner entered to the U.S.A legally with his parents under H.O.9. Because his father fought for South VietNam in the VietNam's war. In 1993 petitioner became a U.S permanent resident and as a green card holder.__

14. Petitioner's criminal history is as follows: __Forgy, DUI, and Sexual Assault, resulting in a sentence of 22 years to life in California State Prison. Petitioner got found suitable by California Board of Parole Hearing in Feb, 2024.__

15. Petitioner was detained by Immigration and Customs Enforcement on or about [date] __05-30-2024__. Petitioner has remained in ICE custody since that date.

16. An Immigration Judge ordered Petitioner removed from the United States on or about [date] __06-08-2024__. Petitioner [circle one] DID / (DID NOT) appeal the Immigration Judge's decision to the Board of Immigration Appeals (BIA). The BIA dismissed Petitioner's appeal on [date, if applicable] _____.

17. Petitioner received a document titled "Decision to Continue Detention" from ICE on or about [date] _09-08-2024_. Petitioner received a second "Decision to Continue Detention" from ICE on or about [date] _12-08-2024_.

18. Petitioner has cooperated fully with all of ICE's efforts to remove Petitioner. Petitioner has cooperated with ICE in the following ways: _Providing them with all family information of both from VietNam and the U.S. Also all of rehabilitation documents, support letters, and support network._

19. Nonetheless, ICE has been unable to remove Petitioner from the United States. ICE is unlikely to be able to remove Petitioner because: _Immigrants from VietNam who came before or after July 12, 1995 it almost always take months to gets travel documents of deportee. VietNam sometimes refuses to take people who came before or after 1995 as well depending on which crimes._

## LEGAL FRAMEWORK

20. In *Zadvydas v. Davis*, the Supreme Court held that the immigration statute 8 U.S.C. § 1231(a)(6) does not allow ICE to detain a noncitizen indefinitely while attempting to carry out removal. 533 U.S. 678, 689 (2001). Because of the "serious constitutional problem" posed by indefinite detention, the Court read the statute to limit a noncitizen's detention to "a period reasonably necessary to bring about that alien's removal from the United States." *Id.*

21. The Court also recognized six months as the "presumptively reasonable period" of post-removal order detention. *Id.* at 701. After six months, once the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing. *Id.* Moreover, "as the period of

prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*.

22. In *Clark v. Martinez*, the Supreme Court held that its ruling in *Zadvydas* applies equally to noncitizens who have never been admitted to the United States. 543 U.S. 371 (2005).

## CLAIM FOR RELIEF

## VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT

23. The foregoing allegations are realleged and incorporated herein.

24. Petitioner's continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. The six-month presumptively reasonable period of detention has expired and Petitioner has provided good reason to believe that his or her removal is not significantly likely to occur in the reasonably foreseeable future. Therefore, Respondents lack authority to continue detaining Petitioner.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue an order pursuant to 28 U.S.C. § 2243 directing Respondents to show cause why the writ of habeas corpus should not be granted;

c. Grant the writ of habeas corpus and order Petitioner's immediate release from custody;

d. Grant any other and further relief as the Court deems just and proper.

Date: 12-15-2024        Signature: _____
                                    Petitioner