# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG TUONG NGUYEN,<br><br>    Petitioner,<br><br>    v.<br><br>FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>    Respondents. | Case No. 1:24-cv-01579-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND TERMINATE RESPONDENT'S MOTION TO DISMISS AS MOOT<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>(ECF No. 10) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On May 30, 2024, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner and placed him into mandatory custody pending his removal proceedings. (ECF No. 10 at 2; ECF No. 10-1 at 2, 101, 103.[1]) On June 11, 2024, Petitioner conceded the charges of removability and did not contest his removal by applying for relief. The immigration judge ordered Petitioner be removed to Vietnam. (ECF No. 10-1 at 108.)

On December 23, 2024, Petitioner filed a petition for writ of habeas corpus, challenging his prolonged detention. (ECF No. 1.) On March 10, 2025, Respondent filed a motion to dismiss,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

arguing Petitioner's detention does not violate Zadvydas v. Davis, 533 U.S. 678 (2001), or due process. (ECF No. 10.) Respondent then filed a supplement, informing the Court that Petitioner was removed from the United States on March 19, 2025. (ECF No. 11; ECF No. 14 at 2.)

## II.
## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). In the petition, Petitioner challenges his prolonged detention in ICE custody. On March 19, 2025, Petitioner was removed from the United States to Vietnam. (ECF No. 14 at 2.) Given that Petitioner is no longer in ICE custody, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

## III.
## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as MOOT; and
2. Respondents' motion to dismiss (ECF No. 10) be TERMINATED as MOOT.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

1  **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file
2  written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and
3  serve a copy on all parties. Such a document should be captioned "Objections to Magistrate
4  Judge's Findings and Recommendation." Replies to the objections shall be served and filed
5  within fourteen (14) days after service of the objections. The assigned United States District
6  Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).
7  The parties are advised that failure to file objections within the specified time may waive the
8  right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.
9  2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 3, 2025**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE